UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ZAPPIN,

                       Plaintiff,

-against-

CLAIRE COMFORT,
ROBERT WALLACK,
THE WALLACK FIRM, P.C.,
HARRIET NEWMAN COHEN,
COHEN RABIN STINE SCHUMANN LLP,
COMPREHENSIVE FAMILY SERVICES, INC.,

                       Defendants.

No. 18 Civ. 1693 (RWS)



**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
THE AMENDED COMPLAINT AGAINST DEFENDANT CLAIRE COMFORT**

Claire K. Comfort
*Pro Se Defendant*
1212 4th Street SE, Apt. 801
Washington, DC 20003
(253) 592-1578

Table of Contents
I. BACKGROUND .................................................................................................................. 1
II. PLAINTIFF'S AMENDED COMPLAINT AGAINST DEFENDANT CLAIRE COMFORT SHOULD BE STRICKEN, BECAUSE IT IS UNTIMELY ...................................... 2
III. PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND, BECAUSE ANY SUCH AMENDMENT IS FUTILE .................................................................................................. 3
IV. PLAINTIFF'S CLAIMS AGAINST DEFENDANT CLAIRE COMFORT ARE RIPE FOR DISMISSAL.................................................................................................................. 5
V. CONCLUSION .................................................................................................................... 6

# Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 US 662, 678 (2009) .................................................................. 4, 5
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ......................................... 4, 5
*Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) ..................... 4
*Holmes v. Grubman*, 568 F.3d 329, 324 (2d Cir. 2009) .................................................. 4
*Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015) ................. 5
*Rothman v. Gregor*, 220 F.3d 81, 89 (2d Cir. 2000) ....................................................... 5
*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) .............................................................. 5
*US ex rel. Ladas v. Exelis, Inc.*, 824 F. 3d 16, 28 (2d Cir. 2016) ..................................... 3

**Rules**

Fed. R. Civ. Pro. 12(b)(1) ................................................................................................. 1
Fed. R. Civ. Pro. 12(b)(6) ................................................................................................. 1
Fed. R. Civ. Pro. 15 ............................................................................................... 1, 5, 6, 9
Fed. R. Civ. Pro. 41(b) ................................................................................................. 4, 8

Defendant Claire Comfort respectfully moves this Court to strike Plaintiff's Amended Complaint against her, because it does not comply with Federal Rule of Civil Procedure 15. Plaintiff's Amended Complaint against Defendant Claire Comfort is untimely, and Plaintiff did not seek consent from Defendant Comfort or leave of the Court to file it.

As such, Defendant's earlier-filed, unopposed, and now fully submitted Motion to Dismiss Plaintiff's Complaint (Dkts. Nos. 30-32) is not mooted by Plaintiff's filing of an Amended Complaint. Plaintiff's claims against Defendant Claire Comfort are ripe for dismissal under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and/or 41(b).

## I. BACKGROUND

On February 23, 2018, Plaintiff Anthony Zappin filed an Initial Complaint against Defendants Claire Comfort, Robert Wallack, The Wallack Firm, P.C., Harriet Newman Cohen, Cohen Rabin Stine Schumann LLP, and Comprehensive Family Services, Inc. Plaintiff served the Initial Complaint in late May 2018.

On June 11, 2018, Defendant Claire Comfort moved to dismiss the Initial Complaint pursuant to Rules 12(b)(1) and/or (6) based on the domestic relations exception to federal diversity jurisdiction; the *Rooker-Feldman* doctrine, or alternatively *Younger* abstention; collateral estoppel; and/or for failure to state a claim under which relief can be granted. *See* Dkt. Nos. 30-32. Plaintiff was served with the motion to dismiss on June 12, 2018. *See id.*

On June 12, 2018, the Court issued a scheduling order for Defendant Claire Comfort's Motion to Dismiss. *See* Order, Dkt. No. 35 (Ex. 1). The order states that "[a]ll papers shall be served in accordance with Local Rule 6.1" and that ***"Defendant's motion shall be taken on submission on July 25, 2018."*** *Id.* (emphasis added).

***Plaintiff never filed any opposition to Defendant's motion to dismiss within the time-period in which he was required to do so.***  Instead, substantially later, on August 6, 2018, Plaintiff wrote a letter to the Court "to make the Court aware that I will be filing an amended complaint [against other defendants[1]], ***a motion for leave to file an amended complaint with respect to Ms. Comfort***[,] and a motion to disqualify Rivkin Radler LLP as counsel for Ms. Cohen and CRSS later today.  The filing of an amended complaint will moot the motion hearing scheduled for August 22, 2018 on [the other] Defendants' motions to dismiss." Letter from Zappin, Dkt. No. 60, at 2 (Aug. 6, 2018) (emphasis added) (Ex. 3).  However, on August 13, 2018, without first moving for leave as he had previously informed the Court that he would be doing, Plaintiff went ahead and filed an Amended Complaint against all defendants, including Ms. Comfort.

The Amended Complaint is insubstantially different from the Initial Complaint.  Plaintiff never sought consent from Defendant or leave of the court to file his Amended Complaint against Defendant Comfort.

## II. PLAINTIFF'S AMENDED COMPLAINT AGAINST DEFENDANT CLAIRE COMFORT SHOULD BE STRICKEN, BECAUSE IT IS UNTIMELY

The Amended Complaint against Defendant Claire Comfort must be stricken, because it does not comply with Federal Rule of Civil Procedure 15.  Plaintiff filed his Amended Complaint against Defendant Comfort ***sixty-two days*** after being served with Defendant's motion to dismiss.  It was also well over two weeks after Defendant's motion was taken up on submission by this Court.  *See* Order, Dkt. No. 35 (June 12, 2018) (Ex. 1).  The Federal Rules

---

[1] On July 20 and 25, 2018, the other defendant parties also filed motions to dismiss Plaintiff's Initial Complaint. *See* Dkt Nos. 49, 50, 52.  These motions by the other defendants were originally scheduled for oral argument on August 22, 2018.  Orders, Dkt Nos. 53-55.

thus do not at this stage allow for the Plaintiff to amend his pleadings against Defendant Claire Comfort as a matter of course. *See* Fed. R. Civ. Pro. 15(a)(1).

Plaintiff's earlier letter communications with the Court make it clear that he is well-aware of this. *See* Letter from Zappin, Dkt. No. 60, at 2 (Aug. 6, 2018) (emphasis added) (Ex. 3) (stating intent to file "a motion for leave to file an amended complaint with respect to Ms. Comfort"); *see also* Letter from Zappin, Dkt. No. 67, at 2 (Aug. 10, 2018) (expressly annotating ability pursuant to Rule 15 to amend complaint as of right only against the Cohen, CFS, and Wallack defendants). Nonetheless, on August 13, 2018, Plaintiff went ahead and filed an Amended Complaint against Defendant Claire Comfort without first obtaining consent from Defendant or leave of the Court as is required under Rule 15(a)(2). Plaintiff's Amended Complaint against Defendant Claire Comfort should thus be stricken for failure to comply with Federal Rule 15.

### III. PLAINTIFF SHOULD BE DENIED LEAVE TO AMEND, BECAUSE ANY SUCH AMENDMENT IS FUTILE

Additionally, Plaintiff should not succeed on a motion for leave to amend his complaint against Defendant Claire Comfort, because Plaintiff has unduly delayed in filing his amended complaint against said defendant and any such amendment is futile. While leave to amend should be "freely give[n] ... when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend "***should generally be denied in instances of futility, undue delay, bad faith or dilatory motive***, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *US ex rel. Ladas v. Exelis, Inc.*, 824 F. 3d 16, 28 (2d Cir. 2016) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008)) (emphasis added); *Holmes v. Grubman*, 568 F.3d 329, 324 (2d Cir. 2009).

Plaintiff's amendments are futile for two separate reasons. First, Plaintiff is purportedly in this action seeking to re-litigate the facts of a fully litigated and appealed state court child custody proceeding in federal court. *See, e.g.*, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Disqualify Rivkin Radler LLP, Docket No. 32 (Aug.7, 2018), at 9 ("this action directly arises out of the *Zappin v. Comfort* matrimonial action"); *see also* Order in *Zappin v. Doyle et al.*, No. 17 Civ. 8837, Dkt. No. 94, at 4 (S.D.N.Y. May 18, 2018) (Polk Failla, J.) (Ex. 2) ("As with Plaintiff's prior proceedings before the Court, the Amended Complaint is in substantial measure an attempt to relitigate – and from Plaintiff's perspective, to rectify – the [matrimonial and child custody] proceedings before [New York State Supreme Court] Judge Cooper."). This runs afoul of the domestic relations exception to federal diversity jurisdiction, the *Rooker-Feldman* doctrine, and principles of collateral estoppel. The Amended Complaint does not resolve these fundamental jurisdictional issues.

Second, Plaintiff has not pled his claims with the particularity that is required under *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Initial and Amended Complaints include substantially the same "factual allegations." In every instance, the allegations pled by Plaintiff are outrageous, clearly false, and highly defamatory on their face, especially in view of the underlying state court decisions which this Court is permitted to take judicial notice of. *See Rothman v. Gregor*, 220 F.3d 81, 89 (2d Cir. 2000) (holding courts may take judicial notice of pleadings, testimony, and decisions from prior lawsuits). Consistent with the heightened pleading standards established by the Supreme Court in *Iqbal* and *Twombly*, this Court is not required to entertain the Plaintiff's highly implausible, sham pleadings which were clearly filed with intent to harass and/or to otherwise untowardly serve as a mechanism for vindication or revenge by Plaintiff against the Defendants.

*See Iqbal*, 556 U.S. at 678 (A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Twombly*, 550 U.S. at 570 (a complaint must plead "enough facts to state a claim to relief that is plausible on its face.").

Plaintiff's Amended Complaint thus fails to cure the multiple jurisdictional and pleading issues existing with the Initial Complaint which were raised in Defendant's earlier-filed Motion to Dismiss. Plaintiff's untimely Amended Complaint against Defendant Comfort is also a product of dilatory behavior and undue delay, because Plaintiff noticeably failed to file any form of opposition or other response addressing the multiple grounds for dismissal raised in Defendant's Motion to Dismiss during the substantially earlier time-period within which he was required to do so.

## IV. PLAINTIFF'S CLAIMS AGAINST DEFENDANT CLAIRE COMFORT ARE RIPE FOR DISMISSAL

Accordingly, Plaintiff's claims against the undersigned defendant are now ripe for dismissal. Defendant's Motion to Dismiss was fully taken up by the Court on July 25, 2018. *See* Dkt. Nos. 30-32; Order, Dkt. No. 35 (June 12, 2018) (Ex. 2). Plaintiff never filed any opposition to the Defendant's Motion to Dismiss. As explained above, Defendant Comfort's Motion to Dismiss is not (and cannot) now be mooted by Plaintiff's untimely filing of an amended complaint against her without his first properly obtaining leave from the Court to do so. As such, Defendant's Motion stands unopposed and should be granted by the Court at this time.

Alternatively, Plaintiff's claims against Defendant could also be dismissed pursuant to Rule 41(b) for failure to prosecute based on Plaintiff's non-compliance with this Court's scheduling order for Defendant's Motion to Dismiss. *See* Order, Dkt. No. 35 (June 12, 2018) (Ex. 1). Pro se status "does not exempt a party from compliance with relevant rules of

5

procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (citation omitted); *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015).

Previously, in an earlier action where the defendants had also moved to dismiss, the same plaintiff, Mr. Zappin, sought to amend his complaint rather than respond on the merits to the defendants' motion to dismiss. *See* Order in *Zappin v. Doyle et al.*, No. 17 Civ. 8837, Dkt. No. 94, at 6-12 (S.D.N.Y. May 18, 2018) (Polk Failla, J.) (Ex. 2). However, Plaintiff missed multiple deadlines set by the court within which he was supposed to file his amended complaint. *Id.* As a result, the court *sua sponte* dismissed the plaintiff's claims against the defendants with prejudice based on his failure to adhere to the deadlines that had been set in the court's orders. *Id.* at 6-25. The same outcome could be appropriate here where the same plaintiff has likewise hauled Defendant into federal court based on innumerous false and harassing allegations, but then (without any proffered explanation) failed to himself even comply with the basic requirements of Rule 15 and the court-imposed deadline setting the time period within which he was previously supposed to respond with any opposition to Defendant's Motion to Dismiss.

## V.     CONCLUSION

For the above reasons, the undersigned defendant respectfully requests that the Motion to Strike the Amended Complaint against Defendant Claire Comfort be granted. Defendant Claire Comfort also requests that her earlier-filed and still pending Motion to Dismiss the Initial Complaint based on Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) be granted (Dkts. Nos. 30-32), or that Plaintiff's claims against her alternatively be dismissed under Federal Rule of Civil Procedure 41(b) based on the Plaintiff's failure to comply with the Court's scheduling order of June 12, 2018 (Dkt. No. 35).

Dated: Washington, DC                By: *Claire Comfort*
       August 25, 2018                      Claire K. Comfort
                                               *Pro Se Defendant*
                                               1212 4th Street SE, Apt. 801
                                               Washington, DC 20003
                                               (253) 592-1578

# PRIORITY MAIL XPRESS™
**FASTEST SERVICE IN THE U.S.**



July 2013  OD: 12.5 x 9.5

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE (253) 512-1578
Claire Comfort
1312 4th Street SE, Apt. 801
Washington, DC 20003

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.       Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required
☐ 10:30 AM Delivery Required

**Delivery Options**
☐ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☐ $100.00 insurance included.

TO: (PLEASE PRINT)   PHONE (212) 805-0175
U.S. District Court for the
Southern District of New York
ATTN: PRO SE INTAKE UNIT
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 200
New York, NY
1 0 0 0 7 - 1 3 1 2

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO
PO ZIP Code: 20024
Scheduled Delivery Date (MM/DD/YY): 8/27/18
Date Accepted (MM/DD/YY): 8/25/18
Time Accepted: 10:36 ☐ AM ☐ PM
☐ 10:30 AM  ☐ 12 NOON  ☐ 3:00 PM
Scheduled Delivery Time
Postage: $24.70
Weight: 1 lb 6 oz  ☐ Flat Rate
Insurance Fee  COD Fee
Acceptance Employee Initials: GS
Return Receipt Fee  Live Animal Transportation Fee
Total Postage & Fees: $24.70

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature
Delivery Attempt (MM/DD/YY) | Time ☐AM ☐PM | Employee Signature

LABEL 11-B, JANUARY 2014  PSN 7690-02-000-9996  1-ORIGIN POST OFFICE COPY

EK 943737645 US

**UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL EXPRESS™**



RECEIVED
2018 AUG 27 AM 10:37
DOCKETING UNIT



VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE®

4.70
13