UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

ANTHONY ZAPPIN,

                Plaintiff,

-against-

CLAIRE COMFORT,
ROBERT WALLACK,
THE WALLACK FIRM, P.C.,
HARRIET NEWMAN COHEN,
COHEN RABIN STINE SCHUMANN LLP,
COMPREHENSIVE FAMILY SERVICES, INC.,

                Defendants.

No. 18 Civ. 1693 (RWS)

---

# DEFENDANT CLAIRE COMFORT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AGAINST <u>DEFENDANT CLAIRE COMFORT</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-10-18
Claire K. Comfort
*Pro Se Defendant*
1212 4th Street SE, Apt. 801
Washington, DC 20003
(253) 592-1578

Defendant Claire Comfort respectfully submits this memorandum of law in opposition to Plaintiff's Motion for Leave to File an Amended Complaint Against Defendant Claire Comfort. Defendant respectfully requests that the instant action against her be dismissed.

## I. BRIEF SUMMARY OF BACKGROUND

On February 23, 2018, Plaintiff Anthony Zappin filed an Initial Complaint against Defendants Claire Comfort, Robert Wallack, The Wallack Firm, P.C., Harriet Newman Cohen, Cohen Rabin Stine Schumann LLP, and Comprehensive Family Services, Inc.

Plaintiff served his Initial Complaint in late May 2018. On June 12, 2018, Defendant Claire Comfort moved to dismiss the Initial Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) based on the domestic relations exception to federal diversity jurisdiction; the *Rooker-Feldman* doctrine; *Younger* abstention; collateral estoppel; and/or for failure to state a claim upon which relief can be granted. *See* Dkt. Nos. 30-32. The motion was to be taken up on submission on July 25, 2018. *See* Order, Dkt. No. 35 (June 12, 2018). Plaintiff never filed a response during the period within which he was required to do so. *See id.*

In the ensuing weeks, the other defendants each also filed voluminous motions to dismiss (based on many substantially similar grounds). On August 13, 2018, Plaintiff filed an Amended Complaint against all defendants. Defendant Comfort moved to strike Plaintiff's Amended Complaint because the Amended Complaint against her was untimely and Plaintiff had not first sought leave to file it as required by Federal Rule of Civil Procedure 15. Defendant also moved in the alternative to dismiss Plaintiff's Amended Complaint. Oral argument on these motions was scheduled for and held on September 26, 2018. Like before, Plaintiff never filed a response to these motions during the time-period within which he was required to do so.

1

Instead, on September 25, 2018, on the eve of the scheduled oral argument, Mr. Zappin untimely filed an opposition to Defendant Comfort's June 2018 motion to dismiss.[1] He also filed the instant Motion for Leave to File an Amended Complaint Against Defendant Claire Comfort—purporting to add "expand[ed]" allegations of sexual assault by Defendant against Plaintiff and a claim based on NY CPLR 213-c (a statute providing for civil causes of action based on first degree criminal offenses of a sexual nature with a five year statute of limitations in the absence of a criminal proceeding). *See* Plaintiff's Mem. of Law in Support at 1-2.

During the oral argument held on September 26, 2018, Mr. Zappin's statements to the Court emphasized that he is here seeking to re-litigate the (already lengthy and protracted) earlier state court matrimonial and child custody proceedings between Defendant and himself, which commenced in 2013 and culminated in a fourteen-day child custody trial in November and December 2015 and a decision that has since been fully appealed. At that same trial, Mr. Zappin accused Defendant of numerous instances of both physical and sexual assault on him during the brief 2012-2013 period of the parties' romantic relationship, and the Court rejected all of them. *See* Ex. 1 to Declaration in Support of Defendant Claire Comfort's Motion to Dismiss, filed June 12, 2018., at 43-48. As explained in the decision, Plaintiff "created fictitious incidents that occurred from the very start of their relationship," and "the lack of veracity of these tales is blatantly obvious." *Id.* at 43. According to the same decision, "plaintiff often feels compelled to claim, in lawsuits or elsewhere, that he has been brutally attacked by people who have offended him in some way." *Id.* at 45.

---

[1] This was not the first time that Mr. Zappin filed untimely papers in this action on the day before an oral argument. During the immediately preceding week, he filed reply papers on the day before the scheduled oral argument with respect to his motion seeking to disqualify counsel for Defendants Harriet Newman Cohen and Cohen Rabin Stine Schumann LLP. Those late-filed reply papers were stricken by the Court.

II. **LEGAL STANDARDS**

While leave to amend is as a general matter rather routinely granted, leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *US ex rel. Ladas v. Exelis, Inc.*, 824 F. 3d 16, 28 (2d Cir. 2016) (quotation omitted); *Holmes v. Grubman*, 568 F.3d 329, 324 (2d Cir. 2009).

I. **THE COURT SHOULD DENY MR. ZAPPIN LEAVE TO AMEND, BECAUSE HIS PROPOSED AMENDMENTS ARE FUTILE**

Mr. Zappin's motion for leave to amend should be denied, because his proposed amendments are futile and only serve to delay the inevitable dismissal of this action. First, the Complaint is farcical. Mr. Zappin's proposed amendments do not serve to "nudge[]" Mr. Zappin's claims "across the line from conceivable to plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2]

Second, the federal district courts are not an appropriate forum for the review and re-litigation of state court matrimonial and child custody proceedings. There is a fundamental problem that Plaintiff is here seeking to re-litigate the parties' earlier New York state court child custody decision (and the ancillary attorney misconduct and matrimonial fees decisions). *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Disqualify Rivkin Radler LLP, Docket No. 32 (Aug.7, 2018), at 9 (Plaintiff's own statement that "this action directly arises out of the *Zappin v. Comfort* matrimonial action"); *cf.* Order in *Zappin v. Doyle et al.*, No.

---

[2] Indeed, Mr. Zappin's elaborate false allegations of sexual assault by Defendant from October 2012 through January 2013 as part of an allegedly fraudulent scheme to become pregnant would even fall outside of the five-year statute of limitations of NY CPLR 213-c. Mr. Zappin's remaining allegations of abuse by Defendant are highly duplicative of his allegations which were all rejected as part of the state court child custody trial.

3

17 Civ. 8837, Dkt. No. 94, at 4 (S.D.N.Y. May 18, 2018) (Polk Failla, J.) (Ex. 2) ("As with Plaintiff's prior proceedings before the Court, the Amended Complaint is in substantial measure an attempt to relitigate – and from Plaintiff's perspective, to rectify – the [matrimonial and child custody] proceedings before [New York State Supreme Court] Judge Cooper.").

Plaintiff is incorrect in his position that the domestic relations exception, *Rooker-Feldman* doctrine, and *Younger* abstention do not bar this action. According to Second Circuit law, the domestic relations exception applies to "actions directed at challenging the results of domestic relations proceedings." *Martinez v. Queens Cty. Dist. Att'y*, 596 F. App'x 10, 12 (2d Cir. 2015); *see also Lally v. Lally*, No. 17-cv-4291 (E.D.N.Y. Sept. 18, 2018). This is clearly such an action.

Likewise, the *Rooker-Feldman* doctrine bars cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005); *see also Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1034-35 (8th Cir. 1999) (A claim is inextricably intertwined with a state court decision such that *Rooker-Feldman* applies if it "succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested would effectively reverse the state court decision or void its ruling"). This is precisely what Mr. Zappin is seeking here.

And finally, *Younger* abstention could also be appropriate. *See Falco v. Justices of the Matrimonial Parts*, 805 F.3d 425, 428 (2d Cir. 2015); *see also Morkel v. Davis*, 513 Fed. Appx. 724 (10th Cir. 2013) ("This court and other circuits have consistently applied *Younger* to child custody cases."). There is right now a pending action brought by Mr. Zappin in the District of

Columbia seeking to modify the initial child custody order issued in early 2016 by the New York state court based on allegations of changed circumstances. The integrity of the on-going state court child custody proceeding is likely to be best served by not entertaining the instant action where Mr. Zappin is seeking to erode the factual foundation of the earlier child custody decision.

All told, this is a non-meritorious and jurisdictionally improper action. Mr. Zappin's proposed amendments do not serve to remove these issues.

## II. THE COURT SHOULD DENY MR. ZAPPIN LEAVE TO AMEND, BECAUSE HIS CONDUCT EVINCES DELAY, BAD FAITH OR DILATORY CONDUCT, AND/OR PREJUDICE TO THE NON-MOVING PARTY

The Court should also separately deny Mr. Zappin leave to amend, because his conduct evinces delay, bad faith or dilatory conduct, and/or prejudices the non-moving party. Despite being the party who brought this action, Mr. Zappin has now failed to timely respond to two motions for dismissal filed by Defendant. Mr. Zappin further filed this motion for leave to amend only on the eve of the scheduled oral argument on Defendant's second motion seeking to strike and/or dismiss his first amended complaint. This is gamesmanship that needlessly seeks to prolong a frivolous action that clearly warrants dismissal.[3]

## III. CONCLUSION

For the above reasons, the undersigned defendant respectfully requests that Plaintiff's Motion for Leave to File an Amended Complaint Against Defendant Claire Comfort be denied.

---

[3] Previously, in another action, the Court invoked Federal Rule of Civil Procedure 41(b) to *sua sponte* dismiss with prejudice Plaintiff's claims against other defendants based on his failure to adhere to the deadlines that had been set by the Court. *See* Order in *Zappin v. Doyle et al.*, No. 17 Civ. 8837, Dkt. No. 94, at 6-12 (S.D.N.Y. May 18, 2018) (Polk Failla, J.).

Dated: Washington, DC  By: *Claire Comfort*
      October 6, 2018
                                                    Claire K. Comfort
                                                    *Pro Se Defendant*
                                                    1212 4th Street SE, Apt. 801
                                                    Washington, DC 20003
                                                    (253) 592-1578

Claire K. Comfort
1212 4th Street SE, Apt. 801
Washington, DC 20003
(253) 592-1578
clairekcomfort@yahoo.com

RECEIVED
SDNY DOCKET UNIT
2018 OCT 10 PM 4: 03

U.S. District Court for the Southern District of New York
Pro Se Intake Unit
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 200
New York, NY 10007

October 6, 2018

    Re:    <u>**Zappin v. Comfort et al., No. 18-CV-1693 (RWS)**</u>

Dear Pro Set Intake Unit:

    Please find enclosed the following documents for filing and docketing on behalf of the undersigned *pro se* defendant in the above-referenced action:

    Defendant Claire Comfort's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint Against Defendant Claire Comfort

    Declaration of Claire K. Comfort in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint Against Defendant Claire Comfort

Please contact me with any questions.

Best regards,


Claire Comfort

PRESS FIRMLY TO SEAL

# PRIORITY MAIL EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
PME 1-Day
WASHINGTON, DC
20024
OCT 06, 18
AMOUNT
**$24.70**
R2305K142623-10

1007
10007

EK 947736724 US

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL EXPRESS™

EP13F July 2013 OD: 12.5 × 9.5

EMS

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE ( 253 ) 542-1578
Claire K. Comfort
1212 4th Street SE, Apt. 801
Washington, DC 20003

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct. No.  Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required
☐ 10:30 AM Delivery Required

TO: (PLEASE PRINT) PHONE ( 212 ) 805-0175
U.S. District Court for the
Southern District of New York
Pro Se Intake Unit
Daniel Patrick Moynihan Courthouse
United States Courthouse Room 200
500 Pearl Street

ZIP + 4® (U.S. ADDRESSES ONLY)
1 0 0 0 7 - 1 3 1 2

NEW YORK, NY

☐ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☐ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day ☑ 2-Day ☐ Military ☐ DPO

PO ZIP Code: 20024
Date Accepted (MM/DD/YY): 10-6-18
Scheduled Delivery Date (MM/DD/YY): 10-9-18
Scheduled Delivery Time: ☐ 10:30 AM ☑ 12 NOON ☐ 3:00 PM
Postage: $

Time Accepted: 1:10 ☐ AM ☑ PM
10:30 AM Delivery Fee: $
Return Receipt Fee: $

Weight: 7.0 lbs oz ☐ Flat Rate
Sunday/Holiday Premium Fee: $
Live Animal Transportation Fee: $

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY) Time ☐AM ☐PM Employee Signature
Delivery Attempt (MM/DD/YY) Time ☐AM ☐PM Employee Signature

Acceptance Employee Initials
Insurance Fee: $
COD Fee: $
Total Postage & Fees: $

LABEL 11-B, JANUARY 2014  PSN 7690-02-000-9996  1-ORIGIN POST OFFICE COPY

VISIT US AT USPS.COM®
UNITED STATES


