UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

ANTHONY ZAPPIN

                Plaintiff,             18 Civ. 1693

  -against-                          OPINION

CLAIRE COMFORT, et al.,

                Defendants.

----------------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-1-19

<u>Attorney for Plaintiff</u>

PRO SE
347 Adams Avenue Suite 3
Huntington, WV 25701

<u>Attorney for Defendant Claire Comfort</u>

PRO SE
1212 4th Street SE
Apt. 801
Washington, DC 20003

<u>Attorneys for Defendant Robert M. Wallack</u>

The Wallack Firm, P.C
444 Madison Avenue
New York, NY 10022
By: Robert M. Wallack

<u>Attorneys for Defendant The Wallack Firm, P.C.</u>

The Wallack Firm, P.C
444 Madison Avenue
New York, NY 10022

Attorneys for Defendant Harriet Newman Cohen

Rivkin Radler LLP
926 Rexcorp Plaza
Uniondale, NY 11556
By: Carol A. Lastorino
    Janice J. DiGennaro

Attorneys for Defendant Cohen Rabin Stine Schumann LLP

Rivkin Radler LLP
926 Rexcorp Plaza
Uniondale, NY 11556
By: Carol A. Lastorino
    Janice J. DiGennaro

Attorneys for Defendant Comprehensive Family Services, Inc.

Fumoso, Kelly, Deverna, Snyder, Swart & Farrel
110 Marcus Boulevard
Happauge, NY 11788
By: Scott Gerard Christesen

**Sweet, D.J.**

On July 19, 2018, Plaintiff *pro se*, Anthony Zappin ("Zappin" or the "Plaintiff") moved to unseal the motions to dismiss and supporting exhibits of Defendants Harriet Newman Cohen and Cohen Rabin Stine Schumann LLP (the "Cohen Defendants"); Comprehensive Family Services ("CFS"); and Robert M. Wallack and the Wallack Firm, P.C. (the "Wallack Defendants").[1] *See* ECF No. 46. The motion was heard and marked fully submitted on August 8, 2015. Zappin also moved to disqualify Rivkin Radler LLP ("RR") as counsel for the Cohen Defendants. *See* ECF No. 61. The motion was heard and marked fully submitted on September 26, 2018.

Based on the conclusions set forth below, the motions of the Plaintiff are denied.

**The Motion of the Plaintiff to Unseal is Denied**

Although Zappin's current position is that the Court improperly sealed documents citing to, quoting from, or otherwise related to the underlying custody proceeding (the

---

[1] By Order dated July 19, 2018, this Court treated Zappin's letter as a motion to unseal the documents. *See* ECF No. 47.

1

"Custody Proceeding"), it is Zappin who sought to seal such documents in four other federal proceedings relating to the Custody Proceeding.[2] Zappin's prior applications to seal those motion papers relied on both Domestic Relations Law § 245 and New York Court Rule 202.5(e)(1)(v).

Zappin has not met his burden of any special circumstances warranting unsealing of the documents made confidential under D.R.L. § 245 as required by New York courts. This is particularly so, where, as here, he not only insisted upon sealing in the above-referenced prior federal court actions, but he has access to all of the sealed documents for use in this action.

**The Motion of the Plaintiff for Disqualification is Denied**

*Factual Background*

On or about May 30, 2018, Janice J. DiGennaro, Esq. ("DiGennaro"), a partner at RR, was contacted by the Cohen Defendants in connection with representing Harriet Newman Cohen

---

[2] The four federal court actions are *Zappin v. Cooper*, 16 Civ. 5985 (KPF); *Zappin v. Daily News L.P. d/b/a The Daily News*, 16 Civ. 8762 (KPF); *Zappin v. NYP Holdings Inc. d/b/a/ The New York Post*, 16 Civ. 8838 (KPF); and *Zappin v. Cohen, et al.*, 15 Civ. 7271 (PKC) (JCF).

("Cohen") and her firm in this action. Cohen is sued herein by Zappin for alleged acts or omissions taken in her role as the court-appointed attorney for the child (the "AFC") in Zappin's underlying state court matrimonial action (the "Matrimonial Action") between Plaintiff and his former wife, Claire Comfort ("Comfort"), also a defendant herein. *See* DiGennaro Decl. ¶ 2, ECF No. 78-1. RR was specifically chosen by the Cohen Defendants to represent them. *Id.*

A conflicts check was run and it was determined that RR never represented Zappin and had no conflict of interest in representing the Cohen Defendants in this matter. *Id.* ¶ 3. It was also discovered that RR had previously handled a matter in which RR was adverse to Zappin and represented the law firm Aronson Mayefsky & Sloan LLP ("AMS"). *Id.* ¶ 4. The publicly-filed amended complaint in that action, captioned *Zappin v. Aronson Mayefsky & Sloan, LLP*, 16 Civ. 7417 (LGS), revealed that Zappin sued AMS for malpractice in connection with AMS's representation of Zappin in the early stages of the Matrimonial Action (the "Malpractice Action"). *See* DiGennaro Decl. ¶¶ 4-5 & Ex. A, ECF Nos. 78-1, 78-2.

According to Zappin's amended complaint in the Malpractice Action, AMS represented Zappin for roughly five

3

months, from February 11, 2014 to July 9, 2014. DiGennaro Decl. Ex. A ¶ 1, ECF No. 78-2. The issues raised by Zappin in his prior discontinued action against AMS asserted legal malpractice and a breach of contract claims, among others, for AMS's alleged misrepresentation, including the alleged failure to petition for and secure a *pendente lite* order of unsupervised visitation, agreeing to the appointment of an unqualified forensic custody investigator, agreeing to supervised visitation without Zappin's consent, agreeing that Zappin should bear the full cost of supervised visitation without Zappin's consent, advising him that he need not pay child support, and overbilling him. *See id.* ¶ 71. The Malpractice Action was settled and closed in April 2017. *See* DiGennaro Decl. ¶ 4, ECF No. 78-1.

Zappin's claims in the instant action involve Cohen's alleged actions, omissions, motivations, and billing in the custody proceeding occurring after August 2014. *See* AC ¶¶ 59, 61-62, 66, ECF No. 68. Zappin alleges in this action that the Cohen Defendants entered a purported conspiracy with Comfort and her lawyer, Robert Wallack ("Wallack"), to harm Plaintiff's relationship with his child and deliberately multiply the custody proceedings so as to improperly churn fees. *See, e.g., id.* ¶¶ 67-68, 72-73, 84, 86. These allegations serve as the predicate for Zappin's claims against the Cohen Defendants for

4

fraud, conspiracy to defraud, abuse of process, conspiracy to abuse process, interference with Zappin's parental and contractual rights, and violation of New York Judiciary Law § 487. *See id.* ¶¶ 158-94, 201-13. All of those alleged acts occurred before AMS's termination in July 2014 and before the AFC's appointment in August 2014. *Id.* ¶ 1.

Neither DiGennaro nor Carol Lastorino, Esq. ("Lastorino")--the only RR attorneys who work on the instant action--had any involvement in the representation of AMS in the Malpractice Action or reviewed the settlement agreement in that action. *See* DiGennaro Decl. ¶¶ 8, 10, ECF No. 78-1. RR partner Jonathan Bruno ("Bruno") and his associate Deborah Isaacson ("Isaacson") handled the AMS action out of RR's New York City office. *Id.* DiGennaro and Lastorino work out of RR's Long Island office. *Id.*

Additionally, AMS disclosed 48 pages of emails exchanged between Zappin and AMS attorneys in the underlying custody action in support of its motion to dismiss Zappin's Malpractice Action. *See* DiGennaro Decl. ¶ 10 & Ex. B, ECF Nos. 78-1, 78-3. Zappin also disclosed the content of privileged communications with AMS in his amended complaint in the Malpractice Action, and in his opposition to AMS's motion to

5

dismiss that action. *See* DiGennaro Decl. ¶ 11 & Ex. C. at 7 n.3, 17, 21-23, ECF Nos. 78-1, 78-4.

*Applicable Standard*

In determining whether to disqualify counsel, courts must balance "a client's right freely to choose his counsel" against "the need to maintain the highest standards of the profession." *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983) (internal quotation marks and citations omitted). This Circuit has shown "considerable reluctance to disqualify attorneys despite misgivings about the attorney's conduct," in part because "disqualification motions are often interposed for tactical reasons." *Bd. of Ed. of the City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)).

Accordingly, the party seeking to disqualify an opposing party's counsel bears "a high standard of proof." *Kubin v. Miller*, 801 F. Supp. 1101, 1114 (S.D.N.Y. 1992) (citing *Gov't of India v. Cook Indus. Inc.*, 569 F.2d 737, 739 (2d Cir. 1978)). Although "decisions on qualification motions often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules, such rules merely provide general guidance and not every violation of a disciplinary rule will necessary

lead to disqualification." *Hempstead Video, Inc. v. Inc. Vill. Of Valley Stream*, 409 F.3d 127, 132. Instead, disqualification of an attorney is "only appropriate where there has been a clear violation of the Code of Professional Responsibility leading to a significant risk of trial taint." *Colandrea v. Town of Orangetown*, 490 F. Supp. 2d 342, 352 (S.D.N.Y. 2007) (citation omitted); see also, e.g., *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981) ("[Motions to disqualify counsel] should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint."); *W. T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976) ("[A] violation of professional ethics does not . . . automatically result in disqualification of counsel."). "'[M]ere speculation' regarding the reasons for supporting disqualification are insufficient, and a motion for disqualification should only be granted "if the facts present a real risk that the trial will be tained." *Tour Tech. Software, Inc. v. RTV, Inc.*, No. 17 Civ. 5817, 2018 WL 3682483, at *2 (E.D.N.Y. Aug. 2, 2018) (quoting *Muniz v. Re Spec Corp.*, 230 F. Supp. 3d 147, 152 (S.D.N.Y. 2017)).

"One recognized form of taint arises when an attorney places himself in a position where he could use a client's privileged information against that client." *Hempstead*, 409 F.3d

7

at 133. In cases of successive representation, an attorney may be disqualified if: (1) the moving party is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client. *Id.* (citation omitted).

Similarly, the New York Rules of Professional Conduct ("RPC") address a lawyer's duties to a former client and provide in pertinent part that:

> "A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." RPC 1.9(a).

RPC 1.9(c) further provides that, where a lawyer has formerly represented a client in a matter, or whose present or former firm has formerly represented a client in a matter, shall not thereafter "use confidential information of the former client . . . to the disadvantage of the former client" or "reveal confidential information of the former client."

*The Motion to Disqualify RR is Denied*

Zappin's motion for disqualification rests on three grounds. First, he claims that, because RR previously represented Zappin's former lawyers, AMS, in defending a legal malpractice action brought against them by Zappin, RR has a conflict of interest representing the Cohen Defendants in this action. Second, he claims that such conflict taints the trial because RR had access to privileged or confidential information in connection with that prior representation, which Zappin speculates that RR may use to his detriment in this action. Third, he claims that because RR negotiated a confidential settlement with Zappin on behalf of its client, AMS, RR is in possession of knowledge relative to the confidential settlement, which RR may use to Zappin's detriment in this action.

9

Given these arguments, the motion for disqualification must be judged under the standard used for evaluating successive representations. Because Plaintiff fails to meet that standard, his motion to disqualify RR as counsel for the Cohen Defendants is denied.

As described above, the threshold issue for successive conflicts under both New York ethical rules and the Second Circuit is whether the movant has a prior attorney-client relationship with the lawyer or firm sought to be disqualified. Here, RR has never represented Zappin. Rather, RR represented an adversary of Zappin, namely, attorneys AMS. Accordingly, Zappin fails to meet the first requirement of the test for disqualification. *See Tour Tech. Software*, 2018 WL 3682483, at *5 (finding disqualification unwarranted despite claim that attorney obtained confidential information during representation of another client in connection with negotiating a settlement where the attorney in question had represented another entity sued by the plaintiff).

Second, there is not a substantial relationship between the subject mater of the counsel's prior representation and the issues in the current lawsuit. Although Zappin's former attorneys, AMS, represented him very briefly in the Matrimonial

10

Action, that representation ceased on July 11, 2014. *See* DiGennaro Decl. Ex. A, ECF No. 78-2. However, Cohen was not appointed to her role as AFC until August of 2014, *i.e.*, after AMS's representation was terminated by Zappin. *See* AC ¶ 11, ECF No. 68. Thus, there was no temporal overlap between AMS's representation of Zappin in the Matrimonial Action and Cohen's work or services as the AFC in that action. Plaintiff has therefore failed to meet the second requirement of the disqualification test. *See G.D. Searle & Co. v. Nutrapharm Inc.*, 1999 WL 249725, at *3 (S.D.N.Y. Apr. 28, 1999) (denying disqualification of plaintiff's counsel in trademark infringement action despite claim that plaintiff's counsel had previously represented defendant's parent company in the prosecution of trademarks because the trademark dispute in issue was not substantially related to plaintiff's counsel's prosecution of the patents for defendant's parent company).

Finally, Zappin cannot satisfy the third prong of the test for disqualification. Other than speculation as to what documents RR might have received from its client in the prior Malpractice Action, Zappin has provided nothing to demonstrate the existence of a significant risk of trial taint or that any actual prejudice that would flow to him from RR's access to such documents. For example, Plaintiff argues that since RR (through

11

its partner, Bruno), is aware of the terms of the prior settlement with AMS, it could use such knowledge unfairly against him. *See* Pl.'s Br. at 10-11, ECF No. 62. However, Zappin cites no ethics opinion or other authority justifying disqualification of counsel because he was involved in, and had knowledge of, a confidential settlement on behalf of another client against the same plaintiff in a prior action. In fact, courts have rejected this precise premise. *See Tour Tech. Software*, 2018 WL 3682438, at *5-6; *Tradewind Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2009 WL 1321695, at *7-9 (S.D.N.Y. May 12, 2009). Zappin's "heavy burden" of proof is not met by allegations such as these. *Evans*, 715 F.2d at 794.

Additionally, having disclosed some of the privileged communications that he exchanged with AMS, Zappin may not use the attorney-client privilege as both a "shield and a sword." *U.S. v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, No. 93 Civ. 6876, 1995 WL 598971 (S.D.N.Y. Oct. 11, 1995). The documents exchanged between AMS and Zappin regarding AMS's representation, advice, alleged malpractice, and billing, were put at issue by the Malpractice Action and AMS's defense. Moreover, any privilege applicable to any documents covering those subjects

was waived by Zappin's selective disclosure of other such documents and communications.

In short, Plaintiff has supplied no facts or law supporting the conclusion that the trial of this action would be tainted by any ethical impropriety or disclosure of privileged merit.

**Conclusion**

For the reasons set forth herein, Plaintiff's motion to unseal and Plaintiff's motion for disqualification are denied.

It is so ordered.

New York, NY
January 30, 2019

_____
ROBERT W. SWEET
U.S.D.J.