# Anthony Zappin

1827 Washington Blvd., Huntington, WV 25701 | (843) 520 - 6303 | anthony.zappin@gmail.com

Dated:  April 18, 2019

**VIA CM/ECF**

Hon. Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

     RE:     *Zappin v. Comfort et al.*, Case No. 18-cv-1693

Dear Judge Wang:

     I write concerning the Court's April 15, 2019 Order.[1]  Specifically, the Court has falsely accused me of violating a non-existent sealing order with respect to the filing on my opposition memorandum and supporting documents.  (*See* Dkt. No. 112.)  I respectfully request that the Court issue a corrected order as well as a written apology to me for its baseless accusations.

     In its April 15, 2019 Order, the Court asserts that I committed "repeated violations of the sealing order."  (*See* Dkt. No. 117.)  This is unequivocally false.  Simply put, there is no sealing order pertaining to my filings in this matter.  Judge Sweet's previous orders are limited to defendants' filings.  Specifically, Judge Sweet's orders only permit defendants to file their motions to dismiss under seal and do not concern any filings made by me.  (*See* Attachments, Dkt. Nos. 43, 44 and 51.)

     The Court's characterization of Judge Sweet's prior orders in its April 15, 2019 Order is plainly incorrect and misleading.  (*See* April 15, 2019 Order at 3.)  This is confirmed by several facts:

- The record is devoid of any order specifically directing me to place any of my filings under seal.  Moreover, Judge Sweet never issued any disapproving order or statement directed at me for filing my papers publicly on CM/ECF.

- Ms. Comfort has repeatedly filed her papers in this matter publicly and has attached statutorily sealed documents from the state matrimonial case to her filings, including the child custody decision containing sensitive and private information about our child.  (*See* Dkt. Nos. 30, 31, 32, 74, 75, 76, 77, 90 and 91.)  The Court has not criticized Ms. Comfort for failure to adhere to this mythical sealing order.

---

[1] The Order was not filed under April 16, 2019.

Nor has the Court directed that her filings be placed under seal as it did with my opposition papers and supporting documents. The Court appears to be targeting only me.

- My opposition memorandum and supporting documents do not contain any confidential or sensitive information warranting sealing. The is confirmed by the fact that in its April 15, 2019 Order, the Court fails to identify any confidential or sensitive information necessitating sealing.

- N.Y. Domestic Relations Law § 235, the sealing provision that defendants cited in seeking leave to file their motions to dismiss under seal, only pertains to court officers and not parties to a matrimonial litigation. Any privacy interest afforded by that statute belongs to Ms. Comfort and myself, which we have obviously not availed ourselves to by making our filings public in this matter. In other words, the decision as to whether to make filings and papers from the state matrimonial action resides exclusively with Ms. Comfort and myself. Defendants are entitled to no protection under the provision and Judge Sweet's orders granting them leave to file their motions to dismiss were incorrect.

- The Court's accusations are particularly egregious in light of the fact that Defendant Harriet Newman Cohen, the so-called "Attorney for the Child," advertises decisions from the state matrimonial case on her firm's website. (See https://www.crsslaw.com/decisions.) Her conduct is, without question, detestable and serves no purposes other than to harm the child she was appointed by the state court to represent. In flies in the face of fairness that this Court would now let her conceal her filings from public viewing when she is accused of serious attorney misconduct and financial fraud.

- Most notably, the Court clearly envisioned that my opposition papers would be filed publicly via CM/ECF by specifically directing that they be filed by "11:59 p.m.," or after normal business hours. (See Dkt. Nos. 104 and 111.) The Court is no doubt well aware that any filings made under seal must be done in person in the Clerk's Office and during normal business hours.

The Court's April 15, 2019 Order is plainly troubling. Indeed, it is apparent from the tone and tenor of the order that the Court is searching and scouring the record for a reason or justification to sanction me, no matter how tenuous. These are the same tactics employed by Justice Matthew Cooper and the First Department.

Indeed, the Court's baseless assertions that I "repeatedly violated" a non-existent sealing order are particularly reckless in light of the fact that just days prior to issuing the April 15, 2019 Order it became aware of the fact that I was disbarred in New York without a hearing and based on fabricated findings issued by Justice Cooper in the state matrimonial case. (See Dkt. No. 109.) Most notably, it is now clear based on the hearing in West Virginia that Justice Cooper fabricated findings that I falsified text messages, which are now confirmed not to even exist, and that I gave false testimony, which appears nowhere in the trial transcript. (See Dkt. No. 109.)

The Court's conduct in baselessly and out-of-the-blue accusing me of violating a non-existent sealing order runs directly parallel with the egregious behavior of Justice Cooper and the First Department.  I will not tolerate it.  And, I believe that I am owed an apology by this Court.

With respect to the Court's assertions that I have made late filings, the Court omits key facts in its April 15, 2019 Order.  Nevertheless, the Court is no doubt aware that I am entitled to particularized notice and, most importantly, an opportunity to be heard prior to the Court imposing any type of sanction on me.  I will be happy to address the Court's assertions if it becomes necessary and after I am afforded notice and an opportunity to be heard.

I thank the Court for its attention to this matter.

Respectfully,

Anthony Zappin

Enclosures

cc:     Claire Comfort (*via CM/ECF*)
        All Counsel (*via CM/ECF*)

Page 3



ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**JANICE J. DIGENNARO**
PARTNER
(516) 357-3548
janice.digennaro@rivkin.com



July 12, 2018

**VIA ECF**

Judge Robert W. Sweet
United States Courthouse
Southern District of New York
500 Pearl St. – Courtroom 18C
New York, NY 10007-1312

Re:  *Anthony Zappin v. Claire Comfort, Robert Wallack,*
     *The Wallack Firm, P.C., Harriet Newman Cohen, Cohen*
     *Rabin Stine Schumann LLP, Comprehensive Family Services, Inc.*
     Case 1:18-cv-01693-RWS

Dear Judge Sweet:

This firm represents Defendants, Harriet Newman Cohen and Cohen Rabin Stine Schumann LLP ("Cohen Defendants"), in the above-referenced action. The Cohen Defendants submit this letter in support of two requests concerning their anticipated motion to dismiss Plaintiff's Complaint to be filed on July 20, 2018.

The instant action is based on custody proceedings which were conducted in New York County Supreme Court. Defendant, Harriet Newman Cohen, was appointed by the Court in those proceedings as the attorney for the then infant child of Plaintiff and Defendant, Claire K. Comfort. Plaintiff's Complaint involves allegations pertaining to the Cohen Defendants' actions and positions taken in the custody proceedings.

Therefore, in moving to dismiss the Complaint, the Cohen Defendants intend to submit documents filed and Orders rendered in the custody proceedings as exhibits in support of the motion and will refer to same in their brief. New York Domestic Relations Law § 235(1) mandates that all papers filed in a matrimonial matter be designated as confidential. Given the plain language of the statute, the Cohen Defendants respectfully request leave from this Court to file the motion to dismiss the Complaint and all exhibits under seal.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777



Judge Robert W. Sweet
July 12, 2018
Page 2

We further request an additional five (5) pages beyond the 25-page limit for the memorandum of law that will be filed in support of the motion to dismiss. The Complaint is 100 pages in length and asserts nine causes of action against the Cohen Defendants. Thus, the extra pages are needed to adequately cover the issues presented.

Your attention hereto is appreciated.

Respectfully submitted,

RIVKIN RADLER LLP

**/s/ Janice J. DiGennaro**

Janice J. DiGennaro

JJD/bd

4050234 v1

LAW OFFICES

# FUMUSO, KELLY, SWART, FARRELL, POLIN & CHRISTESEN, LLP

ALAN J. FUMUSO ◊
MICHAEL K. KELLY +
DOUGLAS J. SWART
JAMES F. FARRELL, JR.
LORRAINE BERLUND POLIN, R.N.
SCOTT G. CHRISTESEN, R.Ph. ◊
SETH KIRSCHBAUM
JORDAN KARP
CHRISTIAN A. FUMUSO

JAMES J. GIRVAN
Trial Counsel

ROBERT W. DeVERNA
(1949 - 2014)

◊ ADM N.Y. & CONN
+ ADM N.Y. & FLA
◊ ADM N.Y. & CO...

MAILING ADDRESS
110 MARCUS BOULEVARD
HAUPPAUGE, NEW YORK 11788-3704
(631) 232-0200 • FAX (631) 232-1305
www.fksfpc.com

NASSAU OFFICE
400 POST AVENUE
SUITE 209
WESTBURY, NEW YORK 11590
(516) 746-8050

JAMES B. REILLY
ANN D. SCHATTNER
JOSEPH P. ROSH
ALBERT E. RISEBROW
JUNE R. HERMAN
CATHERINE ANN BRENNAN
MICHELLE C. ACOSTA
WILLIAM G. MacDEVITT
SUZANNE LAVOIE, R.N.
MAUREEN P. BLAZOWSKI
ANTHONY MAFFIA
HUGO A.BASSO
ALEX B. GILBERT
MICHAEL A. NEMECEK
KRISTIN N. MORO
MARIEL A. AUERBACH
ANTHONY MARINO

MARY L. SHARKEY
OFFICE ADMINISTRATOR

DONNA OZOLS
SENIOR PARALEGAL



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: /16/ July 12, 2018



**VIA ECF**
Honorable Robert W. Sweet
United States Courthouse
Southern District of New York
500 Pearle Street - Courtroom 18C
New York, NY 10007-1312

Re: Anthony Zappin v. Claire Comfort, Robert Wallack, The
    Wallack Firm, P.C., Harriet Newman Cohen, Cohen Rabin Stine
    Schumann, LLP and Comprehensive Family Services, Inc.
    Case No.: 1:18-CV-01693-RWS
    Our File No.: AW-1013

Dear Judge Sweet:

Our office represents the defendant, Comprehensive Family
Services, Inc. in the above-entitled litigation. (Hereinafter
referred to as CFS defendant). The CFS defendant submits this
letter application in support of the request concerning the
anticipated Motion to Dismiss plaintiff's Complaint which is
estimated to be served on or before July 20, 2018.

In accord with the applications made by the attorneys for
the co-defendants, Harriet Newman Cohen and Cohen Rabin Stine
Schumann, LLP seeking permission to submit documents, Orders and
other materials pertaining to the subject motion, we respectfully
request this Court's permission to also do so under seal as many
of the documents and materials pertain to matters arising out of
New York Domestic Relations Law §235(1).

So ordered
Sweet USDJ
7.13.18

Honorable Robert W. Sweet
United States Courthouse
Southern District of New York
July 12, 2018
Page 2

Additionally, we respectfully request the Court's imprimatur to exceed the standard twenty-five (25) page limit for Memorandum of Law, filed in support of motion, allowing our offices to include an additional five (5) pages. In accord with the representations made by the co-defendants, and in recognition of the length of plaintiff's Complaint, which spans one hundred (100) pages of type and two hundred (200) paragraphs of allegations, we anticipate that our Memorandum will exceed the customary limit of this Honorable Court.

We respectfully request the Court directives on these issues and thank this Honorable Court for its courtesy and cooperation in this litigation.

Respectfully submitted,

FUMUSO, KELLY, SWART, FARRELL,
POLIN & CHRISTESEN, LLP

BY:

SCOTT G. CHRISTESEN

SGC/st

Case 1:18-cv-01693-RWS Document 45 Filed 07/18/18 Page 8 of 8

# THE WALLACK FIRM, P.C.

777 THIRD AVENUE
21ˢᵀ FLOOR
NEW YORK, NEW YORK 10017
(212) 223-1300
FACSIMILE (212) 223-1301
WWW.WALLACKFIRM.COM

July 18, 2018

**VIA ECF**

Judge Robert W. Sweet
United States Courthouse
Southern District of New York
500 Pearl St. – Courtroom 18C
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FII
DOC #:
DATE FILED:

Re: Anthony Zappin v. Claire Comfort, et al.;
Case No.: 1:18-CV-01693-RWS

Dear Judge Sweet:

On behalf of defendants the undersigned and The Wallack Firm, P.C., I submit this letter in support of two requests concerning the anticipated motion to dismiss Plaintiff's Complaint to be filed on July 20, 2018.

In accord with the applications made for the attorneys for co-defendants, Harriet Newman Cohen, Cohen Rabin Stine Schumann LLP, and Comprehensive Family Services, Inc. seeking permission to submit documents under seal, I also respectfully request the Court's permission to do so for the same reasons, to wit, the documents and papers that will accompany the motion fall under New York Domestic Relations Law § 235(1).

Similarly, I respectfully request the Court's permission to extend the 25-page limit for the memorandum of law an additional 5 pages. Given that the Complaint is 100 pages in length and asserts 9 causes of action against the undersigned and The Wallack Firm, P.C., I anticipate the extra pages will be necessary.

*So ordered.*
*Sweet*
*USDJ*
*7-20-18*

Respectfully submitted,

Robert M. Wallack

cc: All parties (via ECF)