

**JANICE J. DIGENNARO**
PARTNER
(516) 357-3548
janice.digennaro@rivkin.com

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

June 19, 2019

**VIA ECF**

Judge Andrew L. Carter Jr.
Thurgood Marshall
United States Courthouse
Southern District of New York
40 Foley Square – Courtroom 1306
New York, NY 10007

      Re:    *Anthony Zappin v. Claire Comfort, Robert Wallack, The Wallack Firm, P.C., Harriet Newman Cohen, Cohen Rabin Stine Schumann LLP, Comprehensive Family Services, Inc.* – Case 1:18-cv-01693-ALC-OTW

Dear Judge Carter:

This firm represents defendants, Harriet Newman Cohen and Cohen Rabin Stine Schumann LLP (the "Cohen Defendants"), in the above-referenced matter. This action flows from orders rendered in underlying matrimonial and related custody proceedings involving plaintiff, Anthony Zappin ("Zappin"). Defendant, Harriet Newman Cohen, was the court-appointed attorney for Zappin's infant child. The Cohen Defendants have a pending motion to dismiss the Amended Complaint which is *sub judice* before your Honor after reassignment following the passing of Judge Sweet.[1]

We write to you at this juncture to alert the Court to a recent Second Circuit Opinion issued in a related case captioned *Zappin v. Cooper,* 2019 WL 2142528 (2d Cir. May 15, 2019) (copy annexed). The annexed Decision affirmed the District Court's dismissal of the claims against Justice Mathew F. Cooper of the New York State Supreme Court who presided over the plaintiff's underlying matrimonial action and related custody proceedings at issue in the instant matter on collateral estoppel grounds. This Decision has implications for the Cohen Defendants' pending motions, which also relied on collateral estoppel as one of several grounds for dismissal. Specifically, the Second Circuit found that the sanction decision issued by Justice Cooper, on application of the attorney for the child, Harriet Newman Cohen, was affirmed on appeal in the state court and thus, barred the claims against Justice Cooper on collateral estoppel grounds based on that decision and noted that:

---

[1] We understand that Magistrate Judge Ona T. Wang has been assigned to provide a report and recommendation only as to the co-defendant, Claire Comfort's motion to dismiss (ECF No. 77) by your Honor's Amended Order dated April 9, 2019.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000  F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777



Judge Andrew L. Carter Jr.
June 19, 2019
Page 2

1. Zappin is precluded from re-litigating Justice Cooper's factual findings in the sanction decision as they were actually litigated in Ms. Cohen's sanction motion and Zappin's cross-motion to disqualify Ms. Cohen;

2. The Court's sanction decision was amply supported by the record; and

3. Zappin litigated the issues in the trial court and on appeal and the judicial review procedure in the First Department ensured that Zappin had a full and fair opportunity to litigate the factual issues and protect his rights.

We thank the Court for its attention to the foregoing.

Respectfully submitted,

RIVKIN RADLER LLP

/s/ **Janice J. DiGennaro**

Janice J. DiGennaro

JJD/bd
Enclosures
cc: Magistrate Judge Ona T. Wang (*via ECF*)
All Counsel (*via ECF*)

4404574 v1

Zappin v. Cooper, --- Fed.Appx. ---- (2019)

2019 WL 2142528
Only the Westlaw citation is currently available.
This case was not selected for publication in West's Federal Reporter.
RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.
United States Court of Appeals, Second Circuit.

Anthony Jacob ZAPPIN, Plaintiff-Appellant,
v.
Matthew F. COOPER, a Justice of the Supreme Court of New York, in his official capacity, Defendant-Appellee.

18-1545
|
May 15, 2019

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, J.).

*1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

**Attorneys and Law Firms**

FOR PLAINTIFF-APPELLANT: Anthony Jacob Zappin, pro se, Huntington, WV.

FOR DEFENDANT-APPELLEE: Steven C. Wu, Deputy Solicitor General, Seth M. Rokosky, Assistant Solicitor General, for Letitia A. James, Attorney General of the State of New York, New York, NY.

PRESENT: DENNIS JACOBS, PIERRE N. LEVAL, CHRISTOPHER F. DRONEY, Circuit Judges.

**SUMMARY ORDER**

Appellant Anthony Zappin, pro se, sued Justice Matthew Cooper, a state matrimonial judge, for defamation, tortious interference, intentional infliction of emotional distress, and prima facie tort under state law, and for denial of a fair trial under 42 U.S.C. § 1983. Zappin alleged that Cooper disseminated a sanctions decision that contained false, malicious, and improper factual findings, which thus caused him to lose his job and denied him a fair trial during his child custody case before Cooper. The district court dismissed the amended complaint on collateral estoppel grounds because the factual findings in the sanctions decision that Zappin alleged were false had already been litigated and affirmed on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the grant of a motion to dismiss de novo, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013).

Federal courts apply New York collateral estoppel law to New York state court judgments. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 93 (2d Cir. 2005). "[C]ollateral estoppel precludes a party from relitigating an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point," when (1) "the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and [ (2) ] the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." Kaufman v. Eli Lilly & Co., 65 N.Y.2d 449, 492 N.Y.S.2d 584, 482 N.E.2d 63, 67 (1985) (internal quotation marks omitted); see also Vargas v. City of New York, 377 F.3d 200, 205–06 (2d Cir. 2004). Zappin is collaterally estopped from relitigating Cooper's factual findings in the sanctions decision.

(1) Identity of the Issues. The factual findings in Cooper's sanctions decision were actually litigated in the course of motions by Harriet Newman Cohen, the attorney for the child, and the cross-motion by Zappin to disqualify Cohen.

As the First Department ruled, the sanctions decision was

Zappin v. Cooper, --- Fed.Appx. ---- (2019)

"amply supported by the record," and Zappin's procedural arguments were meritless. Zappin v. Comfort, 146 A.D.3d 575, 49 N.Y.S.3d 6, 6 (2017).

(2) Full and Fair Opportunity. Zappin argues that he was given no notice that Justice Cooper was considering sanctions or that he would make findings about issues beyond the scope of Cohen's motions. This argument is meritless. Cohen requested sanctions in her initial motion papers and in her reply; and Zappin litigated the issues in the trial court and on appeal.

Zappin argues that the district court erred by relying on the fact that Cooper presided over the divorce action. But it is not error for the district court to consider Cooper's familiarity with Zappin's pattern of behavior. See Curry v. City of Syracuse, 316 F.3d 324, 332 (2d Cir. 2003) (noting the "the realities of the litigation" are relevant to the determination whether a party had a full and fair opportunity to litigate an issue (quoting Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 734 (2d Cir. 2001))).

*2 Zappin argues that Cooper never warned him that he could be subjected to sanctions. However, the papers attached to Cohen's motions reflect Justice Cooper's previous consideration of sanctions for Zappin's persistent noncompliance with court orders, and repeated warnings for Zappin to desist from his harassing and unprofessional conduct.

Zappin argues that Cooper was biased against him and fabricated his factual findings. The judicial review procedure in the First Department ensured that Zappin had a fair opportunity to litigate the factual issues and protect his procedural rights. See Kremer v. Chem. Const. Corp., 456 U.S. 461, 484-85, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982).

Zappin had a full and fair opportunity to challenge the state court's findings in his direct appeal; he cannot relitigate these issues in federal court. Accordingly, Zappin fails to state any claim premised on the alleged falsity or impropriety of the findings.

We have reviewed the remainder of Zappin's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

**All Citations**

--- Fed.Appx. ----, 2019 WL 2142528 (Mem)

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.