USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/30/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

ANTHONY ZAPPIN,

                            **Plaintiff,**

          -against-

CLAIRE COMFORT ET AL.,

                            **Defendants.**

18-cv-1693 (ALC) (OTW)

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

-------------------------------------------------------------------

**ANDREW L. CARTER, JR., District Judge:**

      Pending before the Court are Defendants' motions to dismiss Plaintiff's Third Amended Complaint ("TAC"). Defendants Harriet Newman Cohen, and Cohen Rabin Stine Schumann LLP ("Cohen Defendants") also request that the Court enter a pre-filing injunction. On August 29, 2022, Magistrate Judge Ona Wang issued a Report and Recommendation ("R&R"), recommending dismissal of the complaint in its entirety and the issuance of a pre-filing injunction. Plaintiff filed his objections on September 13, 2022 and the Cohen Defendants filed their response to Plaintiff's objections on September 26, 2022.[1] After considering Plaintiff's objections, I adopt the thorough and well-reasoned R&R in full.

      I assume the parties' familiarity with the factual background and procedural history of this case as laid out in Judge Wang's R&R.

      After a magistrate judge issues a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" in the district court. 28 U.S.C. § 636(b)(1)(C). The district court "shall make a de novo determination to those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*.;

---

[1] While the Report and Recommendation is dated August 29, 2022, it did not appear on the docket until August 30, 2022. *See* ECF No. 185. Accordingly, the Court does not consider Plaintiff's September 13, 2022 objections untimely.

*see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) ("If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report of specified proposed findings or recommendations to which objection is made.'"(quoting 28 U.S.C. § 636(b)(1))). Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18-CV-10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). If "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (internal quotation marks and citations omitted). Further, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Kairam v. W. Side GI, LLC*, No. 18-CV-1005, 2022 WL 4234548, at *1 (S.D.N.Y. Sept. 14, 2022) (quoting *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019)).

First, the Court notes that although Plaintiff is proceeding *pro se*, he was a practicing lawyer and is experienced in litigation and is thus not afforded the special solicitude generally provided to *pro se* plaintiffs. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented. . . . The ultimate extension of this reasoning is that a lawyer representing himself ordinarily receives no such solicitude at all."); *Zappin v. Cooper*, No. 16-CV-5985 (KPF), 2018 WL 708369, at *1 n.1 (S.D.N.Y. Feb. 2, 2018), *aff'd*, 768 F. App'x

51 (2d Cir. 2019); *In re Truong*, 327 F. App'x 260, 262 (2d Cir. 2009)("Additionally, although Truong is proceeding *pro se*, he is an attorney, albeit a disbarred one.").

Second, Plaintiff did not file an opposition brief responding to the motions to dismiss, and thus all arguments raised in his objections are considered new arguments that need not be considered.[2] *Kairam*, 2022 WL 4234548 at *1; *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc.*, No. 14-CV-2636, 2015 WL 10793126, at *1 (S.D.N.Y. Sept. 17, 2015)("[T]here remains no explanation as to why defense counsel . . . failed to oppose the class certification motion. The Court therefore declines to consider the materials submitted in objection to the report and recommendation, which are merely a belated opposition to the motion on which defendants defaulted as distinguished from an effort to point out an alleged error of fact or law by the magistrate judge."); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this . . . circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.").

However, even reviewing the objections *de novo*, Plaintiff's objections are overruled for the reasons articulated in Magistrate Judge Wang's Report and Recommendation. First, The R&R correctly recommended that the Third Amended Complaint be dismissed pursuant to the domestic relations exception to federal jurisdiction. The Court agrees with Magistrate Wang that "the "gravamen" of the TAC plainly concerns the Custody Action and the Disciplinary and Fee Proceedings that arose from it."[3] ECF No. 185 at 21. It is immaterial that a plaintiff seeks only money damages where, as here, a domestic dispute is styled as a tort claim. *See Schottel v. Kutyba*,

---

[2] The Court acknowledges that Plaintiff asserts in his objections that he timely filed his opposition with the SDNY *pro se* office.
[3] Terms used herein are used as defined in the R&R.

3

No. 06-1577-CV, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (holding that "a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages").

The Court also agrees that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. His claims are barred despite the fact that he only seeks money damages. *See Thomas v. Martin-Gibbons*, 857 Fed. App'x 36, 39 (2d Cir. May 24, 2021) ("[A] court may dismiss claims for monetary damages under the *Rooker-Feldman* doctrine if those claims seek damages in conjunction with the orders . . . entered against them in state court." (internal quotation marks and citations omitted)). Additionally, as the R&R explained, the Court finds that Plaintiff's claims stem from the state court actions. Last, as the Cohen Defendants aptly raise, Plaintiff's argument that *Rooker-Feldman* does not bar his claims connected to the disciplinary action fails because Plaintiff alleges that the disciplinary action followed directly from the Custody Decision, which was entered before this action commenced.

The Court also adopts the R&R's recommendations that, in the alternative, the TAC be dismissed for failure to state a claim and pursuant to the doctrine of collateral estoppel. However, the Court does not address these recommendations further as the Court has already adopted the recommendation that this action be dismissed for lack of subject jurisdiction.

Last, the Court adopts the R&R's recommendation that the Court issue a pre-filing injunction. Plaintiff's objection did not address the R&R's analysis of the factors pursuant to *Safir v. U.S. Lines*, Inc., 792 F.2d 19, 24 (2d Cir. 1986) to consider in determining whether to issue an injunction based on a litigant's behavior. Instead, Plaintiff argues in a conclusory fashion that the imposition of a pre-filing injunction would be unconstitutional. Such an objection is reviewed for

4

clear error, and the Court finds no clear error with Magistrate Judge Wang's recommendation. *Chen*, 8 F. Supp. 3d at 416.

Thus, the Court dismisses this action for lack of subject matter jurisdiction, and in the alternative, for failure to state a claim under Rule 12(b)(6). The Court also issues a pre-filing injunction preventing Plaintiff from filing further actions flowing from the Custody Action and the Disciplinary and Fee Proceedings, including any actions collaterally attacking the Decisions rendered in those Proceedings, without prior court approval.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 174, 178, and 181, and close this case.

**SO ORDERED.**

**Dated: September 30, 2022**
**New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**