UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY ZAPPIN

       **Plaintiff,**

-against-

CLAIRE COMFORT, et al.,

       **Defendants.**

18-CV-1693 (ALC)

OPINION AND ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

  Pending before the Court are Plaintiff Anthony Zappin's Motion for Reconsideration (ECF No. 190) and Motion to Vacate the Court's September 30, 2022 Pre-Filing Injunction Order (ECF No. 193). For the reasons that follow, both motions are **DENIED**.

## BACKGROUND

  The Court assumes the parties' familiarity with the factual background and procedural history of this case as was thoroughly laid out in Magistrate Judge Ona T. Wang's Report & Recommendation. ("R&R", ECF No. 185.)

  Defendants moved to dismiss the TAC (ECF Nos. 178–183), which the Court referred to Judge Wang for report and recommendation (ECF No. 184). Plaintiff did not file any opposition papers to the motion to dismiss.[1] Judge Wang issued her R&R on August 29, 2022, recommending that the TAC be dismissed in its entirety for lack of subject matter jurisdiction under the domestic relations exception to diversity jurisdiction and under the *Rooker-Feldman* doctrine. (ECF No. 185.) In the alternative, Judge Wang recommended that the TAC be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). She also recommended that the Court

---

[1] Plaintiff asserts that he timely mailed his opposition papers to the *Pro Se* Office, but that they were never docketed. (ECF No. 186 at 20.)

grant Defendant Cohen's request for the Court to issue a pre-filing injunction that would prevent Plaintiff from filing further federal actions flowing from the underlying state custody action and the state disciplinary and fee proceedings without prior court approval. (*Id.*)

Plaintiff filed objections to the R&R on September 13, 2022. (ECF No. 186.) Defendants filed their responses to the objection on September 26, 2022. (ECF No. 187.) After reviewing the objections and responses, the Court adopted Judge Wang's R&R in full on September 30, 2022, and this action was closed. (ECF No. 188.)

Thereafter, on October 14, 2022, Plaintiff filed a motion for reconsideration of the Court's order adopting the R&R (ECF Nos. 190, 191), and a motion to vacate the Court's September 30, 2022 Pre-Filing Injunction Order (ECF No. 192.) Defendants filed a memorandum of law in opposition to both motions on October 28, 2022. (ECF No. 193.)

On August 28, 2023, the Court alerted Plaintiff that he never filed a memorandum of law in support of his motion to vacate the Court's September 30, 2022 Pre-Filing Injunction. (ECF No. 194.) Plaintiff filed a letter on August 31, indicating that he was attempting to locate his memorandum of law in his computer files, and requested an extension to file the missing memorandum by September 5, 2023. (ECF No. 195.) Plaintiff indicated that if he was unable to locate his memorandum of law, he would voluntarily withdraw the motion to vacate. (*Id.*) To date, Plaintiff has not filed his memorandum of law in support of the motion to vacate.

## DISCUSSION

### I. Motion for Reconsideration

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Walker v. Carter*, 2016 WL 6820554, *2 (S.D.N.Y. Feb. 4, 2016) (citing *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d

678, 695 (S.D.N.Y. 2011)).  A court will grant such a motion in only three circumstances: where the party seeking reconsideration identified (1) an intervening change of controlling law; (2) the availability of new law; or (3) the need to correct a clear error or prevent manifest injustice.  *See Berg v. Kelly*, 343 F. Supp. 3d 419, 424 (S.D.N.Y. 2018) (citing *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).  It is not simply an opportunity for the moving party to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *see also Svenningsen v. Ultimate Grounds Management, Inc.*, 2017 WL 3105871, *1 (S.D.N.Y. July 20, 2017).

The standard for granting such a motion is strict, and the decision to grant or deny a motion for reconsideration is one committed to the discretion of the district court.  *Salveson v. JP Morgan Chase & Co.*, 663 Fed.App'x. 71, 75 (2d Cir. 2016) (internal quotations omitted); *Sigmon v. Goldman Sachs Mortgage Company*, 229 F.Supp.3d 254, 257 (S.D.N.Y. 2017).  In general, any decision to grant a motion for reconsideration is one supported by a showing of exceptional circumstances, such as controlling decisions or data that the court overlooked.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (exceptional circumstances include matters "that might reasonably be expected to alter the conclusion reached by the court."); *Xiu Feng Li v. Hock*, 371 Fed. App'x 171, 175 (2d Cir. 2010).

Additionally, although Plaintiff is proceeding *pro se*, he was a practicing lawyer and is experienced in litigation, and is thus not afforded the special solicitude generally provided to *pro se* plaintiffs.  *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[T]he degree of solicitude may be lessened where the particular pro se litigant is experienced in litigation and familiar with the procedural setting presented…The ultimate extension of this reasoning is that a lawyer

3

representing himself ordinarily receives no such solicitude at all."); *Zappin v. Cooper*, No. 16-CV-5985 (KPF), 2018 WL 708369, at *1 n.1 (S.D.N.Y. Feb. 2, 2018), *aff'd*, 768 F. App'x 51 (2d Cir. 2019); *In re Truong*, 327 F. App'x 260, 262 (2d Cir. 2009) ("Additionally, although Truong is proceeding *pro se*, he is an attorney, albeit a disbarred one.").

Here, Plaintiff argues that the Court erred in concluding that it lacked subject matter jurisdiction over Plaintiff's claims and that Plaintiff failed to sufficiently plead his claims. (ECF No. 191 at 2–20.) He also argues that the Court "plainly erred" and violated his constitutional rights when issuing the pre-filing injunction. (*Id.* at 20.)

Having reviewed the record and the parties' memoranda of law, the Court concludes that it neither overlooked a controlling issue of law nor a crucial fact in the record. Plaintiff's motion for reconsideration is a bald attempt to take a "second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52. In reaching its decision on the motion to dismiss, the Court carefully considered Plaintiff's objections to the R&R, including his arguments regarding the domestic relations exception, the *Rooker-Feldman* doctrine, collateral estoppel, and that Plaintiff adequately pleaded his claims for abuse of process, conspiracy to abuse process, fraud, conspiracy to commit fraud, and his claims under N.Y. Judiciary Law § 487. As this Court has held before, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Canfield v. SS&C Techs. Holdings, Inc.*, 2021 WL 1026128, at *1 (S.D.N.Y. Mar. 17, 2021). Plaintiff points to no change in controlling law, availability of new evidence, or the need to correct a clear error, sufficient to warrant reconsideration. *See Actava TV, Inc. v. Joint Stock Co.* No. 18-CV-06626 (ALC), 2023 WL 2528542, at *2 (S.D.N.Y. Mar. 15, 2023). As such, Plaintiff has failed to indicate the exceptional

circumstances that would lead this Court to disturb its previously reached conclusions, and Plaintiff's motion for reconsideration is denied. *See Shrader*, 70 F.3d at 257.

## II. Motion to Vacate

As previously stated, Plaintiff did not file a memorandum of law in support of his motion to vacate the Court's September 30, 2022 Pre-Filing Injunction. (ECF No. 192; *see* ECF Nos. 194–196.) Accordingly, to the extent Plaintiff has not voluntarily withdrawn his motion (*see* ECF No. 195), the motion is denied for failure to comply with Local Rule 7.1 ("all motions shall include…[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion… [and] [s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion…").

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration and motion to vacate are **DENIED**. The Clerk of Court is respectfully requested to terminate the pending motions at ECF Nos. 190 and 192.

**SO ORDERED.**

**Dated: September 11, 2023**
     **New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**